RE: REQUEST FOR OPINION REGARDING DUE PROCESS REQUIREMENTS IN TERMINATING THE EMPLOYMENT OF THE DIRECTOR OF A COUNTY JUVENILE BUREAU AND THE SUPERINTENDENT OF A DETENTION HOME.
THE ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR OPINION REQUESTS ASKING, IN EFFECT:
 1. DOES THE STATUTORY LANGUAGE OF 10 O.S. 1202 (1981) CREATE AN EMPLOYER/EMPLOYEE RELATIONSHIP WHICH MAY BE TERMINATED AT WILL BY THE JUVENILE JUDGE, SUBJECT TO THE ADMINISTRATIVE AUTHORITY OR THE PRESIDING JUDGE, WITHOUT THE REQUIREMENT OF A DUE PROCESS HEARING?
 2. ARE THE DIRECTOR, COUNSELORS OR OTHER EMPLOYEES, INCLUDING THE SUPERINTENDENT OF A DETENTION HOME CREATED UNDER 12 O.S. 1208 (1981), ENTITLED TO A DUE PROCESS HEARING PRIOR TO TERMINATION OF THEIR EMPLOYMENT BY THE JUVENILE JUDGE?
THE ATTORNEY GENERAL HAS ASKED ME TO INFORM YOU THAT THE QUESTIONS YOU ASKED ARE NOT ONES WHICH CAN BE ANSWERED IN AN ATTORNEY GENERAL'S OPINION, AS THEY MAY NOT BE ANSWERED SOLELY AS A MATTER OF LAW, THERE BEING FACT CONSIDERATIONS PRESENT. AS YOU WELL KNOW, THE STATE CANNOT AFFECT A PERSONS LIBERTY OF PROPERTY INTEREST WITHOUT AFFORDING THAT PERSON HIS OR HER DUE PROCESS RIGHTS. PERRY V. SINDERMANN,408 U.S. 593 (1970); AND BOARD OF REGENTS V. ROTH,408 U.S. 564 (1972). IF THERE ARE NO SUCH INTEREST PRESENT, AN EMPLOYEE MAY BE TERMINATED AT THE WILL OF THE EMPLOYER, PROVIDED NO OTHER CONSTITUTIONAL RIGHTS ARE VIOLATED, SUCH AS THE EMPLOYEE'S RIGHT OF FREEDOM OF SPEECH. BROWN V. REARDON, 770 F.2D 896, 904-905 (10TH CIR. 1985).
THE U.S. SUPREME COURT HAS RULED THAT CONVERSELY WHERE SUCH RIGHTS ARE AFFECTED, AN EMPLOYEES IS ENTITLED TO ORAL OR WRITTEN NOTICE OF THE CHARGES AGAINST HIM, AN EXPLANATION OF THE EMPLOYERS EVIDENCE, AND A MEANINGFUL OPPORTUNITY TO BE HEARD PRIOR TO TERMINATION. CLEVELAND BOARD OF EDUCATION V. LOUDERMILL, 470 U.S. 532 (1985).
WHETHER A PARTICULAR EMPLOYEE'S TERMINATION WILL AFFECT A LIBERTY OR PROPERTY INTEREST, IS NOT ONE WHICH CAN BE ANSWERED SOLELY AS A MATTER OF LAW. WHILE THE PROVISIONS OF 10 O.S. 1202 DO NOT IN AND OF THEMSELVES APPEAR TO CREATE AN EXPECTATION OF CONTINUED EMPLOYMENT, THIS DOES NOT MEAN TERMINATION OF THE DIRECTOR OF JUVENILE BUREAU, A COUNSELOR OR OTHER EMPLOYEE, MAY NOT INVOLVE A PROPERTY OR LIBERTY ANY INTEREST. IN ORDER TO ESTABLISH A PROPERTY INTEREST IN A PARTICULAR BENEFIT, ONE MUST HAVE A LEGITIMATE CLAIM OF ENTITLEMENT IN CACIAS V. CITY OF RATON, 738 F.2D 392 (10TH CIR. 1984). WHILE IT IS CLEAR THAT A PROPERTY INTEREST IN EMPLOYMENT CAN BE CREATED BY STATE LAW OR ORDNANCE, SEE E.G., INQRAM V. PAPALIA, 804 F.2D 895, 596-97 (10TH CIR. 1986), AN EXPECTATION OF CONTINUED EMPLOYMENT MAY ALSO BE CREATED BY CONTRACT, OR EMPLOYMENT PRACTICE. IN VINYARD V. KING, 728 F.2D 428 (10TH CIR. 1984), THE TENTH CIRCUIT COURT OF APPEALS HELD THAT WHEN AN EMPLOYEES HANDBOOK STATED THAT A PERMANENT EMPLOYEE COULD NOT BE DISCHARGED WITHOUT CAUSE, A PROPERTY INTEREST EXISTED, AND THE HOSPITAL WAS LIABLE FOR FAILURE TO PROVIDE A PRE-TERMINATION HEARING BEFORE TERMINATING THE DIRECTOR OF THE HOSPITALS VOLUNTARY SERVICES. THE COURT OF APPEALS FOR THE TENTH CIRCUIT HAS ALSO NOTED THAT MUTUALLY EXPLICIT UNDERSTANDINGS CAN CREATE A PROPERTY INTEREST IN CONTINUED EMPLOYMENT BY MEANS OF IMPLIED CONTRACT. 728 F.2D AT 430-31. SEE ALSO BISHOP V. WOOD, 426 U.S. 341 (1976).
AS YOU CAN SEE, AN ANALYSIS OF THE STATUTE ALONE, CAN NOT DETERMINE WHETHER THE TERMINATION OF THE DIRECTOR OR OTHER EMPLOYEES MIGHT INVOLVE PROPERTY INTEREST. RATHER SUCH MUST BE DETERMINED BASED UPON THE FACTS PRESENT AS WELL.
THE SAME IS TRUE IN DETERMINING WHETHER THE TERMINATION OF SUCH EMPLOYEES WOULD AFFECT AN EMPLOYEE'S LIBERTY INTEREST. AS YOU KNOW, A PERSON WHOSE LIBERTY INTEREST IS AFFECTING BY DISCHARGES IS ENTITLED TO A HEARING PRIOR TO TERMINATION. SEE CORBITT V. ANDERSON, 778 F.2D 1471 (10TH CIR. 1985). THERE A SUGGESTION BY THE DIRECTOR OF NONPROFIT COUNSELING SERVICE THAT A PSYCHOLOGIST WAS NOT PROFESSIONALLY QUALIFIED WAS FOUND TO BE A STATEMENT THAT FORECLOSES FREEDOM TO TAKE ADVANTAGE OF OTHER EMPLOYMENT OPPORTUNITIES. THUS THE STATEMENT WAS HELD TO AFFECT THE EMPLOYEE'S LIBERTY INTEREST.
FOR LIBERTY INTEREST TO ATTACH, THERE MUST BE A PUBLIC DISCLOSURE OF THE REASONS FOR DISCHARGE. CAMPOSE V. GUILLOTT, 743 F.2D 1123 (8TH CIR. 1984). THERE, THE COURT HELD THAT WHERE THE TERMINATED POLICE CHIEF HIMSELF INSISTED THAT THE HEARING ON CHARGES AGAINST HIM REMAIN PUBLIC, AFTER THE CITY MADE STRENUOUS EFFORTS TO KEEP THE DISCHARGE PRIVATE, NO DUE PROCESS VIOLATION OCCURRED. NORMALLY, TO EFFECT LIBERTY INTEREST, THE STIGMATIZING STATEMENT MUST CALL INTO QUESTION THE EMPLOYEE'S NAME, REPUTATION, OR INTEGRITY. IN BAILEY V. KIRK, 777 F.2D 567, 572-73 (10TH CIR. 1985), THE COURT HELD THAT THE ALLEGATION THAT A POLICE CHIEF FAILED TO CONDUCT AN INVESTIGATION OF A POLICE OFFICER TO THE SATISFACTION OF SUPERIORS DID NOT AFFECT THE EMPLOYEE'S LIBERTY INTEREST, SINCE IT DID NOT CALL HIS NAME, REPUTATION OR INTEGRITY INTO QUESTION.
IN MARTIN V. UNIFIED SCHOOL DISTRICT NO. 434, OSAGE COUNTY, 728 F.2D 453, 455-56 (10TH CIR. 1984) THE COURT HELD THAT THE STATEMENT BY THE SCHOOL BOARD THAT NON-RENEWAL WAS BASED ON OCCURRENCES THIS YEAR AND CONTINUANCE OF PREVIOUS CONCERNS WAS NOT SUFFICIENT TO AFFECT THE PRINCIPLE'S LIBERTY INTEREST. SO HOLDING THE COURT NOTED THAT PROOF THAT HIS TERMINATION HAS MADE HIM LESS ATTRACTIVE TO POTENTIAL EMPLOYEES IS NOT ENOUGH. LIBERTY INTEREST IS IMPLICATED ONLY WHEN AN EMPLOYEE'S ABILITY TO OBTAIN OTHER EMPLOYMENT IS DAMAGED. 728 F.2D 455-56. AS YOU CAN SEE, WHETHER LIBERTY INTEREST ARE AFFECTED BY AN EMPLOYEES TERMINATION, WILL DEPEND IN LARGE MEASURE ON THE REASONS FOR TERMINATION, AND THE PUBLIC DISSEMINATION AND ARTICULATION OF SUCH REASONS. ACCORDINGLY, WHETHER A TERMINATION OF A PARTICULAR EMPLOYEE WOULD AFFECT -AN EMPLOYEE'S LIBERTY INTEREST IS A QUESTION OF FACT, WHICH, OF COURSE, MAY NOT BE ANSWERED IN AN ATTORNEY GENERAL'S OPINION.
WHILE WE COULD NOT ANSWER YOUR QUESTION IN A ATTORNEY GENERAL'S OPINION, WE HAVE PROVIDED THE ABOVE TO AID YOU IN DETERMINING WHETHER PROPERTY OR LIBERTY INTEREST MAY BE PRESENT IN YOUR PARTICULAR SITUATION. IN MAKING SUCH A DETERMINATION, I WOULD MAKE A THOROUGH REVIEW OF ANY AND ALL MEMOS TO EMPLOYEES, YOUR EMPLOYEE HANDBOOK, THE INDIVIDUALS PERSONNEL FILE, AND CONTRACTS, AS WELL AS EMPLOYMENT APPLICATIONS AND CORRESPONDENCE. ALSO IMPORTANT, ARE STATEMENTS MADE TO THE _EMPLOYEE REGARDING THE TENURE OF EMPLOYMENT AND CONDITIONS UNDER WHICH HE CAN BE REMOVED. IF YOU HAVE ANY DOUBT, AS TO WHETHER A PROPERTY OR LIBERTY INTEREST IS PRESENT, THE SAFEST COURSE TO PURSUE IS TO PROVIDE A PRE-TERMINATION HEARING IN CONFORMITY WITH THE REQUIREMENTS OF LOUDERMILL.
(NEAL LEADER)